THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| APRIL MAY BROWN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>PANORAMA HNN ASSOCIATES, *et al.*,<br><br>　　　　　Defendants. | CASE NO. C25-2307-JCC<br><br>MINUTE ORDER |

　　　　The following Minute Order is made by direction of the Court, the Honorable John C. Coughenour, United States District Judge:

　　　　Rule 8 provides that a complaint must include the following: (1) a short plain statement of the grounds for this Court's jurisdiction; (2) a description of the claim establishing that the plaintiff is entitled to relief sought; and (3) a description of the relief sought. *See* Fed. R. Civ. P. 8. In addition, a complaint filed by any person seeking to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) is subject to *sua sponte* review and dismissal by the Court "at any time" to the extent it is "frivolous, malicious, fail[s] to state a claim upon which relief may be granted, or seek[s] monetary relief from a defendant immune from such relief." *Id.* § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001). Moreover, the Court must dismiss a complaint if it finds that it lacks subject matter jurisdiction over the case or controversy. Fed. R. Civ. P. 12(h)(3). Subject matter jurisdiction (for the controversy at hand) can be based on

diversity of citizenship or the presentation of a federal question. *See, e.g.*, *Tucker-Meuse v. Field*, 2022 WL 706527, slip op. at 2 (D. Haw. 2022). Diversity of citizenship jurisdiction exists where the amount at issue is more than $75,000 and no plaintiffs or defendants are citizens of the same state. *See* 28 U.S.C. § 1332. And federal question jurisdiction exists when a plaintiff's claim arises "under the Constitution, law, or treaties of the United States." *See id.* § 1331.

On November 24, 2025, the Honorable Brian A. Tsuchida, United States Magistrate Judge, granted Plaintiff's motion to proceed *in forma pauperis*. (Dkt. No. 4.) Plaintiff's complaint (Dkt. No. 5) was entered shortly thereafter. It fails to state the basis for this Court's jurisdiction, fails to articulate the causes of action it asserts, and fails to allege facts to support those actions. (*See generally* Dkt. No. 5.) Any and all are issues warranting dismissal of this case. To be clear, lack of subject matter jurisdiction is a foundational issue, providing a basis for immediate dismissal. *See Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). However, the Court gives *pro se* plaintiffs leave to amend unless "it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995). Here, it is perhaps conceivable that Plaintiff could adequately plead this Court's jurisdiction, the claims at issue, and allegations supporting those claims.

Based on the foregoing, the Court DECLINES to serve Plaintiff's complaint and GRANTS Plaintiff leave to file an amended complaint curing the above-noted deficiencies within 30 days of the date of this order.[1] If no amended complaint is filed within this time period or if Plaintiff files an amended complaint that fails to correct the deficiencies identified above,

---

[1] Further leave to amend need not be provided when doing so would be futile. *Barahona v. Union Pac. R.R. Co.*, 881 F.3d 1122, 1134 (9th Cir. 2018). Unresponsiveness to this order to show cause would demonstrate and inability to effectively plead this Court's original jurisdiction and/or a colorable claim.

Moreover, Plaintiff is advised that an amended complaint operates as a complete substitute for an original complaint. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Thus, any amended complaint must stand on its own and clearly identify the basis for this Court's jurisdiction, the legally cognizable claims asserted against each defendant, the specific facts which Plaintiff believes support each claim, and the specific relief requested.

MINUTE ORDER
C25-2307-JCC
PAGE - 2

the Court will dismiss Plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(h)(3) and/or 28 U.S.C. §1915(e)(2)(B).

The Clerk is DIRECTED to send a copy of this order to Plaintiff.

DATED this 24th day of September 2025.

<u>Ravi Subramanian</u>
Clerk of Court

<u>s/Kathleen Albert</u>
Deputy Clerk